SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

MICHAEL LI-MING WANG (CSBN 194130)
Assistant United States Attorney

450 Golden Gate Avenue Box 36055
San Francisco, CA 94102
Telephone: (415) 436–6767
michael.wang@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3–07–70559 EDL |
| Plaintiff, ) | |
| ) | STIPULATION AND [PROPOSED] ORDER |
| v. ) | EXTENDING TIME FOR PRELIMINARY |
| ) | EXAMINATION |
| EDMUND JEW, ) | |
| Defendant. ) | |

This matter is currently set for preliminary hearing, or arraignment on an indictment, on October 24, 2007. The parties respectfully submit this joint request that the Court continue the date of the preliminary hearing/arraignment to November 7, 2007. The parties agree and stipulate that the continuance will afford the parties additional time to supply discovery and discuss a pre-indictment resolution. The parties further agree and stipulate that in light of the multiple legal proceedings involving defendant Jew, defense counsel will require the additional time for effective preparation.

Defendant Jew has previously acknowledged in open court, as well as personally stipulated in writing, that he is aware of his right, pursuant to Rule 5.1(c) and 18 U.S.C. § 3060(b)(2), to a preliminary hearing within twenty days of his initial appearance.

1  Defendant Jew has further acknowledged in open court, as well as personally stipulated in
2  writing, that he is aware that 18 U.S.C. § 3161(b) requires that within thirty days of his
3  initial appearance on the Complaint, the government must bring an indictment or
4  information containing the charges alleged in the Complaint.
5       The parties hereby stipulate and agree that pursuant to Rule 5.1(d) and 18 U.S.C. §
6  3060(c), there is good cause to continue the preliminary examination.  The parties also
7  stipulate and agree that the Court should extend the 30-day deadline for indictment
8  prescribed by 18 U.S.C. § 3161(b).  The parties further stipulate and agree that in light of
9  the multiple charges filed against defendant Jew—including the federal Criminal
10 Complaint, criminal charges filed by the San Francisco District Attorney, civil
11 proceedings pursued by the San Francisco City Attorney and now authorized by the
12 California Attorney General, and misconduct proceedings before the San Francisco Ethics
13 Commission—defense counsel will require additional time for effective preparation,
14 taking into account the exercise of due diligence, within the meaning of 18 U.S.C. §§
15 3161(h)(8)(A) and 3161(h)(8)(B)(iv).
16      Accordingly, the parties jointly request that the Court continue the preliminary
17 hearing/arraignment date from October 24, 2007, to November 7, 2007.

                                             Respectfully submitted,

Date: October 19, 2007              /S/ Michael Li-Ming Wang
                                    MICHAEL LI-MING WANG
                                    Assistant United States Attorney

Date: October 19, 2007              /S/ Steven F. Gruel
                                    STEVEN F. GRUEL
                                    Counsel for Defendant Edmund Jew

STIPULATION AND [PROPOSED] ORDER
No. 3–07–70559 EDL                   2

**[PROPOSED] ORDER**

Upon stipulation of the parties, and good cause appearing, IT IS ORDERED that this matter be continued from October 24, 2007, to November 7, 2007.

IT IS FURTHER ORDERED, based upon the agreement and stipulation of the parties, that the twenty-day time limit for preliminary examination under Federal Rule of Criminal Procedure 5.1(c) and 18 U.S.C. § 3060(b)(2), as well as the thirty-day time limit for information or indictment under 18 U.S.C. § 3161(b), be extended from October 24, 2007, to November 7, 2007.

Based on the parties' stipulation, and pursuant to Rule 5.1(d) and 18 U.S.C. § 3060(c), the Court finds that defendant Jew consents to the continuance of his preliminary examination, and the Court also finds that there is good cause to grant this continuance.

The Court further finds, based on the parties' stipulation, that failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv).  Pursuant to 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.

DATED: 10/22/07

HONORABLE NANDOR J. VADAS
United States Magistrate Judge