# DECLARATION OF
# SPECIAL AGENT
# J. CHRISTOPHER McDONOUGH

1  JOSEPH P. RUSSONIELLO
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  MICHAEL LI-MING WANG (CSBN 194130)
   TRACIE L. BROWN (CSBN 184339)
5  Assistant United States Attorneys

6     450 Golden Gate Avenue Box 36055
      San Francisco, CA 94102
7     Telephone: (415) 436–6767
      Facsimile: (415) 436–7234
8     michael.wang@usdoj.gov

9  Attorneys for Plaintiff

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,      )      No. CR 07–00705 SI
                                   )
15         Plaintiff,              )
                                   )      DECLARATION OF SPECIAL AGENT
16  v.                             )      J. CHRISTOPHER MCDONOUGH
                                   )
17  EDMUND JEW,                    )      Date:  March 21, 2008
                                   )      Time:  11:00 a.m.
18         Defendant.              )
                                   )
19  _____  )

20

21         I, J. CHRISTOPHER McDONOUGH, hereby declare as follows:

22         1.     I am a Special Agent with the FBI, assigned to the San Francisco Field

23  Office. I have been employed as a Special Agent since 1999 and am assigned to

24  investigate white-collar crime, including public corruption cases. I have been the lead

25  case agent on the investigation of Edmund Jew since the matter was first referred to the

26  FBI in May 2007.

27         2.     The FBI first learned of bribery allegations against Jew on May 2, 2007. It

28  is my understanding that Steven Gruel contacted an agent in the FBI's office in Concord,

DECLARATION OF J. CHRISTOPHER MCDONOUGH
CR 07-00705 SI

California.  The Concord-based agent passed the referral to Supervisory Special Agent Susan Sivok, who oversees the FBI's public-corruption investigations in San Francisco. SSA Sivok assigned the investigation to me.

     3.     The FBI began its investigation immediately.  We contacted the Quickly store representatives from whom Jew had allegedly demanded bribe money.  They agreed to assist the FBI with the investigation.

     4.     The FBI did not and does not understand Leland Yee to be a percipient witness to the allegations against Jew.  Senator Yee was part of the chain of communications beginning with the Quickly store owners and ending with the FBI, and also had some historical knowledge regarding both the Defendant and Robert Chan. However, I did not and do not understand Mr. Yee to have any direct involvement in or personal knowledge of the allegations in this case.  I base this understanding on my knowledge of the investigation, as well as my participation in the FBI's interview of Leland Yee.

     5.     The first time I ever heard of an alleged attorney-client relationship between Yee and Gruel was when Jew made this allegation in the Motion currently pending before this Court.

     6.     I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of March, 2008, in San Francisco, California.


J. CHRISTOPHER McDONOUGH
Special Agent, FBI