# DECLARATION OF
# MICHAEL LI-MING WANG, AUSA

1  JOSEPH P. RUSSONIELLO
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  MICHAEL LI-MING WANG (CSBN 194130)
   TRACIE L. BROWN (CSBN 184339)
5  Assistant United States Attorneys

6    450 Golden Gate Avenue Box 36055
     San Francisco, CA 94102
7    Telephone: (415) 436-6767
     Facsimile:  (415) 436-7234
8    michael.wang@usdoj.gov

9  Attorneys for Plaintiff

10                     UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12                          SAN FRANCISCO DIVISION
13

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00705 SI |
| Plaintiff, ) | |
| ) | DECLARATION OF MICHAEL LI-MING WANG |
| v. ) | |
| ) | Date:  March 21, 2008 |
| EDMUND JEW, ) | Time: 11:00 a.m. |
| Defendant. ) | |

I, MICHAEL LI-MING WANG, hereby declare as follows:

1. I am an Assistant United States Attorney in the Northern District of California. I have been lead counsel for the United States on this matter since its inception, and have been present at all sessions before the grand jury.

2. On May 21, 2007, I learned from the FBI that Steven Gruel was the person who had referred the matter to the FBI for investigation. On the same day, I also learned that defendant Jew had retained Mr. Gruel as criminal defense counsel, and left Mr. Gruel a voicemail to discuss the possibility of a conflict.

DECLARATION OF MICHAEL LI-MING WANG
CR 07-00705 SI

3. On May 22, 2007, I wrote to Mr. Gruel to express my concern that he might be a percipient witness in the case, in light of the fact that he had referred the matter to the FBI. Attached hereto as Exhibit A is a true and correct copy of my May 22, 2007 letter.

4. On May 23, 2007, Mr. Gruel responded to my letter, explaining his position that he was not a percipient witness, and stating that the Defendant had waived any conflict that might arise from Mr. Gruel having made the initial contact with the FBI. Attached hereto as Exhibit B is a true and correct copy of Mr. Gruel's May 23, 2007 letter to me.

5. On May 28, 2007, and again on June 12, 2007, I wrote letters to Mr. Gruel requesting a copy of the written waiver.

6. On July 4, 2007, Mr. Gruel provided me a redacted copy of his retainer agreement with Jew, which included the waiver. I reviewed the agreement, and found it to be consistent with my understanding of the facts. I further believed that the agreement demonstrated the Jew's knowing and voluntary waiver of any conflict, as well as his unequivocal choice of Mr. Gruel as his counsel, despite Mr. Gruel's role in referring the matter to the FBI.

7. Neither California State Senator Leland Yee nor Jaynry Mak testified before the grand jury. Until Jew raised the assertion in his Motion, I had no information suggesting that Yee had ever been represented by Steven Gruel.

8. My understanding is that Mr. Gruel, Senator Yee, and Ms. Mak have no personal knowledge of any of the allegations against Jew as they pertain to the Indictment against Jew. I thus do not expect them to be witnesses if this case proceeds to trial.

//
//
//
//
//

DECLARATION OF MICHAEL LI-MING WANG
CR 07-00705 SI                                  2

9. I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of March, 2008, in San Francisco, California.

MICHAEL LI-MING WANG
Assistant United States Attorney

*EXHIBIT A*

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

Michael Li-Ming Wang
Chief, White Collar Crimes Section

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

Office: (415) 436–6767
Fax: (415) 436–7234

May 22, 2007



BY FACSIMILE AND FIRST CLASS MAIL

Steven F. Gruel, Esq.
Law Offices of Steven F. Gruel
655 Montgomery St, Suite 1700
San Francisco, CA 94111-2633

    Re: <u>Representation of Ed Jew</u>

Dear Steve:

    I am writing in response to your telephone voicemail of earlier today. You suggested in your voicemail that we communicate in writing to avert any misunderstanding, and that suggestion is well taken.

    As I mentioned to you in my voicemails of yesterday and today, I believe that you are a percipient witness in this case, given your role in referring the matter to the FBI. In light of your status as a witness, I do not see how you can represent Mr. Jew as criminal defense counsel. If you believe that I am mistaken, I would be grateful for an explanation.

    Thank you.

                            Sincerely,

                            SCOTT N. SCHOOLS
                            United States Attorney

        By: _____
                    MICHAEL LI-MING WANG
                    Assistant United States Attorney

*EXHIBIT B*

*Law Offices of*
# Steven F. Gruel

---

*San Francisco Office*
655 Montgomery Street, Suite 1700
San Francisco, California 94111
Telephone: (415) 989-1253
attystevengruel@sbcglobal.net

*Los Angeles Office*
255 South Grand Avenue, Suite 2708
Los Angeles, California 90012
Telephone: (213) 625-1703

May 23, 2007

**VIA E-MAIL, FAX & U.S. MAIL**

Michael Li-Ming Wang
Assistant United States Attorney
Northern District of California
450 Golden Gate
San Francisco, CA 94102

**Re: Representation of Supervisor Ed Jew**

Dear Michael:

Thank you for your May 22, 2007 letter regarding the above matter.

I appreciate your concerns but believe that the facts should convince you that I am not a "percipient witness" in this investigation.

Rather, several weeks ago, I don't recall the exact date, I was telephoned by someone in regard to allegations that Supervisor Ed Jew was essentially illegally seeking payment from a business in exchange for his assistance in obtaining certain San Francisco permits. The person(s) who called me are not associated with the business (the alleged victim) making the allegations. Because of my past service as a federal prosecutor, the caller asked if I knew who should be contacted about these allegations. I mentioned that the FBI in San Francisco has a public corruption section and I offered to contact the agency and put them in contact with the caller.

I telephoned the FBI and spoke with the unit supervisor. I don't remember her name. I relayed the allegations to her. Later that day, I received a call from FBI agents and described what had been relayed to me from the caller. I proved the caller's name and telephone number.

Since that last conversation I did not hear from or contact either the FBI or the caller about this matter. Indeed, the next time this came up was when I was contacted by Supervisor Jew's office during the afternoon of May 18, 2007 and told on a voice mail message that the FBI was conducting search warrants. I was asked, in the voice mail, to

1

contact the Supervisor and/or his office to discuss representing him in this matter.

On May 19 and May 20, 2007 I informed the Supervisor about my role as a "referring attorney" in this matter. Orally and in writing he waived any conflict of interest.

Please inform me if you nevertheless believe that I am still a possible witness in this case so we may further discuss this and I may advise my client accordingly.

Finally, I believe that I have adhered to the California Rules of Professional Conduct in my dealings with Mr. Jew, and have arranged to engage associate counsel to ensure that any appearance of impropriety will be dissipated.

Sincerely,

Steven F. Gruel
San Francisco Office



cc. Ed Jew
    John T. Philipsborn, Esquire

2