1  STUART HANLON, SBN: 66104
   LAW OFFICES OF STUART HANLON
2  179 11TH Street, 2nd Floor
   San Francisco, California 94103
3  (415) 864-5600

4  Attorney for Defendant
   EDMUND JEW
5

6
                  IN THE UNITED STATES DISTRICT COURT
7
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9  UNITED STATES OF AMERICA          )   No.  CR 07-0705 SI
                                     )
10            Plaintiff,             )   DEFENDANT'S REPLY TO
                                     )   GOVERNMENT'S OPPOSITION TO
11 v.                                )   DEFENDANT JEW'S MOTION FOR
                                     )   REQUEST OF EVIDENTIARY HEARING
12                                   )
   EDMUND JEW,                       )   Date:  March 21, 2008
13                                   )   Time:  11:00 a.m.
              Defendant.             )   Ctrm:  The Hon. Judge Susan Illston
14                                   )
                                     )
15 _____

16

17        Defendant Edmund Jew filed the present motion based on the information available to

18 him at the time.  Some of this information will be discussed below; all of it is discussed in the

19 initial motion.

20        Counsel for Jew was aware that under the facts known at the time of the filing and the

21 existing case law, there was not sufficient grounds to demonstrate or allege actual, misconduct by

22 the government and thus not sufficient grounds to have the case dismissed.  However, counsel in

23 good faith did believe that serious issues of misconduct were raised regarding the activities of

24 prior counsel Steven Gruel, Senator Leland Yee, and others, and , that if these actions were

25 known to the government at the time Gruel represented Defendant Jew, then this would be

26 governmental misconduct as defined in the case law which could lead to dismissal or other

27

28                                        1

1   sanctions.

2         The government has now answered the two primary questions raised by Jew in his motion

3   that could have led to a finding of governmental misconduct: (1) the government did not know or

4   believe that Steven Gruel and Senator Leland Yee had any attorney-client relationship or other

5   type of close relationship prior to Gruel representing Jew; and (2) the government did not

6   consider Senator Yee an important witness nor did it call him as a witness at grand jury

7   proceedings.

8         Defendant still believes strongly that the actions of former counsel Steven Gruel in

9   connection with his relationship with Senator Leland Yee and others violated attorney ethical

10  duties, and that Senator Leland Yee acted to set up Defendant Jew and possibly fabricate

11  evidence against him out of policital and vindictive motivations.  Defendant Jew does not accept

12  as accurate or truthful the Declaration of Senator Leland Yee filed with the government's

13  opposition.  Senator Leland Yee's statements in his declaration that he had to go to an old

14  acquaintance and former Steven Gruel because he "did not know how or whom to contact at the

15  FBI" defies credibility for someone who has been involved in government and politics for the

16  length of time that Senator Leland Yee has so been involved, and undercuts his credibility on all

17  issues.

18        However, the defense agrees that no governmental attorney or agents were involved in

19  any of these acts or had any knowledge of them and therefore no governmental misconduct

20  occurred; governmental misconduct cannot be based on third party misconduct but only on

21  governmental action.  The present motion is no longer the proper forum to investigate and litigate

22  the actions of Attorney Steven Gruel and Senator Leland Yee and/or others.  By stating that there

23  is no evidence of misconduct by the government in no way states or implies that there was, or is,

24  no misconduct by Attorney Steven Gruel, Senator Leland Yee, or others.

25        Further, the Defendant does not agree with the accuracy of the government's statement of

26  the case based on the facts alleged in the government's opposition.  Again, this Reply is not the

27

28                                      2

1    proper pleading to address these differences.

2        Finally, it is important for this Court to understand that if the government had simply

3    responded to the numerous attempts of counsel to gain the information which is now stated in

4    their opposition, this motion would not have been filed or would have been withdrawn prior to

5    the government's opposition.

6        On February 14, 2008, defense counsel forwarded to the government through Assistant

7    U.S. Attorney Michael Li-Ming Wang a letter with a draft of the present motion.  The letter is

8    attached hereto as Exhibit A.  Counsel requests that the government advise if there are errors or

9    omissions in the factual analysis of the motion.  Further, counsel makes clear that he is not

10   making accusations of misconduct against the government.

11       February 14th was a Thursday; when counsel did not hear from the U.S. Attorney's Office,

12   defense counsel left a voice mail message for AUSA Michael Li-Ming Wang and co-counsel to

13   contact defense counsel because the motion had to be filed on the next working day, which was

14   Tuesday, February 19th (Monday, February 18th, was a court holiday).

15       No contact was made by the government prior to the filing date of February 19th other

16   than a voice mail message stating that Mr. Wang would respond by letter.  Since no letter arrived,

17   counsel filed the present motion.

18       The government wrote a letter to counsel dated February 15, 2008.  The letter did not

19   reach defense counsel by facsimile or mail on February 15; it only reached defense counsel when

20   he called on February 21, 2008 to see why he had not heard from the U.S. Attorney's Office.

21       In relevant part and attached hereto as Exhibit B[1], the government alleges that defense

22   counsel appears to be acting in bad faith, and that counsel should consider whether the motion

23   should be filed.  Nowhere in the letter does the U.S. Attorney respond to the questions of the

24   existence of any particular factual misstatements or omissions as requested by defense counsel.

25   _____

26       [1] Exhibit B and Exhibit C are being redacted because some of this letter is irrelevant to

27   the present motion and deals with privileged issues.

28                                    3

1     When defense counsel finally received the letter from the government, defense counsel

2   responded by facsimile on February 25, 2008 (attached hereto as Exhibit C).  Counsel stated in

3   clear language that the defense would withdraw their motion, and actually had been willing to not

4   file it at all, if the government responded to the following:

5     (1) Was Senator Leland Yee called to testify at the grand jury?

6     (2) Was the government aware of the prior attorney-client relationship between Steven

7   Gruel and Senator Leland Yee?

8     Defense counsel further stated "if your answer is 'no' to both of these questions, I am

9   prepared to withdraw the motion.  I would be withdrawing it not because of your implications

10   that I had done something inappropriate without any good faith belief; nor would I withdraw it

11   because I did not believe the allegations involving Gruel and Yee as laid out in my motion.  I

12   would be withdrawing the motion because you had shown me that there was no governmental

13   knowledge or involvement from which one can infer bad faith discussed in the cases dealing with

14   this type of issue.  Again, I had hoped to work with you on this prior to the filing of the motion

15   but that simply did not seem possible given the problem with the late delivery of your letter."

16     The government responded on February 28, 2008 by facsimile transmission (a copy of the

17   letter is attached hereto as Exhibit D).  Rather than answering defense counsel's questions, the

18   government simply states that because they had already prepared their opposition and because the

19   matter had been "publicly aired insinuating government misconduct" , the government believed

20   their opposition should be filed.

21     Thus, the present motion is before the Court.  Interestingly, the government, in it's

22   opposition, acknowledges that there was no insinuation or statement of governmental misconduct

23   by the defense and does not allege bad faith by defense counsel in the filing of the present

24   motion, both of which are raised in the U.S. Attorney's letters (Exhibit B and D) and are

25   provided as reasons why the government needed to file it's response or not provide the

26   information requested by the defense which would have led to the defense not filing or

27

28                                                 4

1  withdrawing this motion.

2          In their response to the motion, the government then answers the questions raised by

3  counsel – they did not know of any prior attorney-client relationship between Steven Gruel and

4  Senator Leland Yee and Senator Leland Yee was not called to testify at the grand jury.  Had the

5  government simply responded to these questions and contacted defense counsel when defense

6  counsel asked them questions about these matters, this motion would not have been filed.

7

8  Dated: March 13, 2008                          s/Stuart Hanlon
                                                   CSBN: 66104
9                                                  Attorney for Defendant
                                                   EDMUND JEW
10                                                 179 11th Street, 2nd Floor
                                                   San Francisco, CA 94103
11                                                 415/864-5600
                                                   stuart@stuarthanlonlaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    5

# EXHIBIT A

179 - 11th Street
2nd Floor
San Francisco, CA 94103
Telephone: (415) 864-5600
Facsimile: (415) 865-0376
Web: www.stuarthanlonlaw.com

LAW
OFFICES | STUART HANLON
OF

February 14, 2008

**VIA FACSIMILE**
(415) 436-7234

Michael Li-Ming Wang
Assistant U.S. Attorney
Office of The U.S. Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

Re:    *United States v. Edmund Jew, Case No. 3:07-CR-705 EDL*

Dear Michael:

Enclosed is a draft motion that I intend to file next week.  Its content, and request for an evidentiary hearing, is self evident.  Given the state of the evidence as I see it, I feel there is little choice to file it to protect Mr. Jew's rights.  At the same time , I will not make accusations that are not supported by the present state fo the evidence.  I feel the present motion is an appropriate balance.

I am sending it to you to see if there are gross omissions or errors in my factual analysis that you can correct prior to filing .  I want to be very careful to not misstate facts .  I am not extending the same offer to review to Mr. Gruel or Mr. Yee .

Please get back to me as soon as possible as this motion must be filed with the court on Tuesday.  Monday is a holiday but I am available to meet or talk.  I remain open to attempting to settle this case; I sent you a guideline review earlier this week and have not yet heard back from you on it.

Sincerely,

STUART HANLON

cc:    Tracy Brown


STUART HANLON
Attorney At Law

SARA RIEF
Attorney At Law

DOLORES MICHELSEN
Office Administrator

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*Michael Li-Ming Wang*
*Assistant United States Attorney*

*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102*

*Office: (415) 436–6767*
*Fax: (415) 436–7234*

February 15, 2008

BY FACSIMILE (415-865-0376) AND FIRST-CLASS MAIL

Stuart Hanlon, Esq.
Law Offices of Stuart Hanlon
179 11th Street, 2d Floor
San Francisco, CA 94103

      Re: <u>United States v. Edmund Jew</u>, CR 07-0705 SI

Dear Mr. Hanlon:

    This is in response to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ your letter of February 14, 2008, enclosing a draft motion to dismiss.



Stuart Hanlon, Esq.
February 15, 2008
Page 2



<u>Response to Letter of February 14, 2008</u>

    I was surprised by your draft motion, particularly its
insinuation of government misconduct.  At our face-to-face
meeting of January 16, 2008, as well as in subsequent
conversations, you repeatedly expressed that the government
had handled the potential conflict with Mr. Gruel in a
reasonable and appropriate manner.  You also seemed to
acknowledge that the absence of misconduct by the government
might leave you with no legal grounds to secure dismissal as
a remedy for any putative conflict.  It now appears that you
are raising the specter of misconduct solely to avail your
client of a legal remedy in the criminal case, despite
lacking any good-faith basis to believe that any misconduct
occurred.  If this is true, then I think it is appropriate to
ask you, as a fellow officer of the Court, to reconsider your
filing of this motion.

Stuart Hanlon, Esq.
February 15, 2008
Page 3


        If you decide you wish to persist in filing this motion,
then we will reserve our factual and legal analysis for our
opposition brief.

                          Yours sincerely,

                          JOSEPH P. RUSSONIELLO
                          United States Attorney


        By:    _____
                          MICHAEL LI-MING WANG
                          Assistant United States Attorney

# EXHIBIT C

179 - 11th Street
2nd Floor
San Francisco, CA 94103
Telephone: (415) 864-5600
Facsimile: (415) 865-0376
Web: www.stuarthanlonlaw.com

LAW
OFFICES | STUART HANLON
OF

February 25, 2008

**VIA FACSIMILE & FIRST CLASS MAIL**
(415) 436-7234

Michael Li-Ming Wang
Assistant U.S. Attorney
Office of The U.S. Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

Re:    *United States v. Edmund Jew, Case No. 3:07-CR-705 EDL*

Dear Michael:

I received your letter dated February 15, 2008 late in the day on February 21, 2008 by facsimile. I do not know why I did not receive it earlier and the copy that was mailed never arrived.



Regarding my motion, it was filed because it was due on February 19th. I originally sent you the draft on February 14th with a cover letter so that we could discuss it and you could inform me of matters which would lead me to not file the motion. When I did not hear from you, I had no option but to file the motion because it was due.

STUART HANLON
Attorney At Law

SARA RIEF
Attorney At Law

DOLORES MICHELSEN
Office Administrator

Michael Li-Ming Wang                                    *Via Facsimile & First Class Mail*
February 25, 2008
Page 2

I find it somewhat disturbing that you believe that I am raising an issue when I have no good faith belief in it. This is hardly the case and it is for this very reason that I forwarded a draft of my motion in the hopes of discussing it with you.

The issues that I wanted to discuss are issues that would determine whether or not the government was aware of certain factors in this case prior to getting an Indictment. These factors are as follows:

1) Was Leland Yee called to the grand jury as a witness?
2) Did your office or the agents involved at any time know of any prior attorney-client relationship between Mr. Yee and Mr. Gruel?

If your answer is no to both of these questions, then I am prepared to withdraw the motion. I would be withdrawing it not because of your implication that I had done something inappropriate or without any good faith belief; nor would I withdraw it because I did not believe the allegations involving Gruel and Yee are as they are laid out in my motion.

I would be withdrawing the motion because you had shown me that there was no governmental knowledge or involvement from which one could infer bad faith as discussed with cases dealing with these types of issues.

Again, I had hoped to work with you on this prior to filing the motion but that simply did not seem possible given the problem with the late delivery of your letter.

I am always open to discussing matters with you. I believe it is important for opposing counsel to have discussions that are informal and productive as we initially did in this case. Please feel free to contact me. If you could please answer my questions prior to February 29th because I will be leaving town for 1 week and unavailable. If I am going to withdraw the motion, I would like to do so before I leave.

Thank you.

Sincerely,

STUART HANLON

# EXHIBIT D

FEB-28-2008 16:05 From:US ATTORNEY       4154367027       To:98650376       P.2/3



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*Michael Li-Ming Wang*
*Assistant United States Attorney*

*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102*

*Office: (415) 436-6767*
*Fax: (415) 436-7234*

February 28, 2008

BY FACSIMILE (415-865-0376) AND FIRST-CLASS MAIL

Stuart Hanlon, Esq.
Law Offices of Stuart Hanlon
179 11th Street, 2d Floor
San Francisco, CA 94103

           Re: <u>United States v. Edmund Jew</u>, CR 07-0705 SI

Dear Mr. Hanlon:

        This is in response to your letter of February 25, 2008,
regarding the motion that you filed on February 19, 2008.
When we received the letter, we had already completed the
bulk of our work on our opposition brief.  Because of that
work, and inasmuch as you have now publicly aired
insinuations of government misconduct that we believe should
be addressed, we will go ahead and file our opposition brief
on schedule.  If, after reviewing our opposition brief you
wish to withdraw your motion, we would certainly acquiesce to
your doing so.

        AUSA Brown will write separately to you regarding our
position on the Sentencing Guidelines as they pertain to your
client.

                    Yours sincerely,

                    JOSEPH P. RUSSONIELLO
                    United States Attorney

        By:    _____
                    MICHAEL LI-MING WANG
                    Assistant United States Attorney